FILED
BILLINGS DIV.

2010 AUG 4 PM 2 15

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 06-146-BLG-RFC |
| | ) | CV 10-81-BLG-RFC |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| MATT FROST, | ) | OF APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |

On July 6, 2010, Defendant/Movant Matt Frost filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Frost is a federal prisoner proceeding pro se.

On July 13, 2010, Frost was ordered to file an amended motion because the original motion failed to identify any relevant facts or law that could have made a difference in his case. Order to Amend (doc. 72) at 1-2. Frost amended his motion on July 26, 2010.

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 1

## I. Background

On December 14, 2006, Frost was indicted on one count of receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2) (Count 1), and one count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). There was also a forfeiture count. Indictment (doc. 1) at 2. Frost was represented by Brian Kohn.

On July 3, 2007, Kohn filed a motion to suppress statements made by Frost. He alleged that Frost was held in custody and interrogated while law enforcement executed a search in his home but was not given a <u>Miranda</u> warning. Mot. to Suppress (doc. 12). On October 30, 2007, the motion was denied because Frost was not in custody and agreed to speak with the officers. Order (doc. 24).

On November 7, 2007, the parties filed a fully executed plea agreement. On November 26, 2007, Frost pled guilty in open court to both counts of the Indictment.

On March 20, 2008, the Ninth Circuit Court of Appeals decided <u>United States v. Davenport</u>, 519 F.3d 940 (9th Cir. 2008), which held that a defendant could not be convicted of both receipt and possession of child pornography. <u>Id.</u> at 942.

On April 24, 2008, Frost was sentenced on Count 1 to serve 120 months in prison, to be followed by a life term of supervised release. Minutes (doc. 43);

Judgment (doc. 44) at 2-3.  Count 2 was dismissed without prejudice.  Sentencing Tr. (doc. 58) at 125:1-6.

Frost appealed, represented by new counsel David Ness.  On July 21, 2009, his sentence was affirmed in part and remanded for clarification of one of the conditions of supervised release.  Mem. at 2-3, United States v. Frost, No. 08-30150 (9th Cir. July 21, 2009) (unpublished mem. disp.) (doc. 60).  Frost filed a petition for writ of certiorari in the United States Supreme Court.  Frost v. United States, No. 09-7193 (filed Oct. 19, 2009).

Frost was resentenced on November 5, 2009.  An Amended Judgment was entered on November 10, 2009.  Minutes (doc. 66); Am. Judgment (doc. 67).

On November 30, 2009, the Supreme Court denied certiorari.  Frost v. United States, __ U.S. __, 130 S. Ct. 765 (2009).

Frost timely filed his amended § 2255 motion on July 26, 2010.  28 U.S.C. § 2255(f)(1).

## II. Frost's Allegations and Analysis

### A. Ineffective Assistance of Counsel

Frost alleges that trial counsel was ineffective.  Am. Mot. § 2255 (doc. 73) at 4 ¶ 12A.  Claims of ineffective assistance are governed by Strickland v. Washington,

466 U.S. 668 (1984). Frost must show both that counsel's performance fell below an objective standard of reasonableness, id. at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Id. at 697.

### 1. Failure to Challenge the Evidence

Frost fails to identify any evidence or item that Kohn should have had "tested," any "analysis" that should have been done, any pretrial motions that should have been filed but were not. He also fails to show a reasonable probability that any of these things could have made a difference in the outcome. Am. Mot. at 7. Neither prong of Strickland is met. This claim is denied.

### 2. Illegal Evidence

Frost claims that "[c]ourt transcripts prove . . . in black and white" that "evidence" was falsified because an officer said "no evidence was available" and then, an hour later, offered to show it in open court. Am. Mot. at 7. Agent Salacinski was asked questions at sentencing that he had not considered. Over the lunch hour, he looked at the seized computer again so he could answer the questions. And he

explained why he did not look for evidence of malware on Frost's computer the first time he analyzed its contents. Sentencing Tr. (doc. 58) at 47:18-48:8, 51:3-18, 52:8-67:6. Neither prong of Strickland is met. This claim is denied.

### 3. Search Warrant Issues

Frost provides no reason to believe there was not probable cause to support the search warrant. Am. Mot. at 8. At the change of plea hearing, he personally admitted the central fact establishing probable cause: "In May of 2005, a computer utilizing the IP address assigned to the defendant Matthew Frost . . . [in] Billings, Montana,[1] had images of child pornography available to other peer-to-peer users." Change of Plea Tr. (doc. 51) at 26:24-27:3; see also id. at 27:14-23; Offer of Proof (doc. 26) at 4. Neither prong of the Strickland test is met. This claim is denied.

### 4. Decision to Plead Guilty

Frost claims he would not have pled guilty if he had known he would receive the maximum sentence. He also claims Kohn did not accurately tell him what penalty he faced if convicted. Am. Mot. at 8.

Frost did not receive the maximum sentence. He received 120 months, half the maximum sentence. He himself stated at his change of plea hearing that the

---

[1] The address is not listed here, pursuant to Fed. R. Crim. P. 49.1(a)(5). It was Frost's.

maximum penalty on Count 1 was twenty years and, on Count 2, ten years. Change

of Plea Tr. (doc. 51) at 10:17-11:9. He certainly knew he could not be sentenced to

35 years if he went to trial. Finally, there is no reason to believe that Frost would

have chosen to go to trial. He had no defense, and had he gone to trial, his advisory

guideline range would have been 135-168 months. U.S.S.G. § 3E1.1. Neither prong

of Strickland is met. This claim is denied.

### B. Miranda Claim

This claim and the following claims are procedurally defaulted because Frost

did not raise them on direct appeal. Massaro v. United States, 538 U.S. 500, 504

(2003); Bousley v. United States, 523 U.S. 614, 622 (1998). However, it is more

efficient to address them on their lack of merit.

Frost claims he was deprived of due process because he was never given a

Miranda warning. A person who is not in custody is not entitled to a Miranda

warning. Miranda v. Arizona, 384 U.S. 436, 467-68 (1966) ("[I]f a person in custody

is to be subjected to interrogation, he must first be informed in clear and unequivocal

terms that he has the right to remain silent.").

Frost has already given his version of what the agents told him when they

executed the search warrant. Am. Mot. at 9; Suppression Hr'g Tr. (doc. 57) at 34:18-

55:20. It was not credible. I did not believe him. I found the agents told him he was

not under arrest and was free to go after completion of the protective sweep. I found

he chose to stay. I found he chose to talk to the agents, make a written statement, call

the agents a few days later, travel to their office to meet with them, and tell them

more. He was not in custody. This is the law of the case. There is no reason to

depart from it. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). This

claim is denied.

### C. Search Warrant

Frost claims the search warrant was defective because there was writing on it.

Am. Mot. at 11. He does not say what was deleted or altered, and he does not say that

the handwriting was not that of the judge who issued the warrant. A warrant is not

invalid merely because there is writing on it. There is no reason to believe there was

any defect in the warrant.

Frost also complains about the seizure of firearms and search of his car and the

garage. Am. Mot. at 10. The firearms were not seized under the warrant. Vierthaler

Dep. (doc. 22-1) at 12:19-13:21. Neither the firearms nor any evidence seized from

the car or the garage was used against Frost. It is likely the warrant authorized search

of Frost's car and the garage, because portable storage media may have been found

there, but even if it did not, suppression of evidence illegitimately seized, not dismissal of the charges, is the ordinary remedy. <u>United States v. Hurd</u>, 499 F.3d 963, 966 (9th Cir. 2007). This claim is denied.

### D. Presentence Report

Frost claims he got a different presentence report that "recommended a term almost four years less (at the maximum) compared to the document used in my sentencing." Am. Mot. at 9. Kohn's sentencing memorandum disputes all the enhancements that were under review at sentencing, so he must have had the right report. And, before the hearing began, it was confirmed that everyone had the right report. Sentencing Mem. (doc. 42) at 1-3; Sentencing Tr. (doc. 58) at 4:14-5:18.

Even if Frost, alone among the persons involved in the case, had the wrong report, he fails to show how he was prejudiced. He would not be entitled to resentencing under the alleged other report. Frost's theory that "[o]nce a document is submitted to the courts, it is a legal document and cannot be altered under any circumstances without due process" is inapposite, since he is the only person who claims he had a different report. It also lacks authority. This claim is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); see also Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Frost "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Frost fails to show he suffered any prejudice from counsel's alleged defects. He also fails to show any defect in counsel's performance. There is no reason to believe that independent forensic tests would have helped him, no reason to believe evidence was fabricated, no reason to believe the search warrant was not supported by probable cause, and no reason to believe that he would have gone to trial rather than pleading guilty, since his guilty plea saved him at least fifteen more months in prison.

As to Frost's other claims, he testified at the suppression hearing, but the facts went against him. He was not entitled to a Miranda warning. He presents no reason to believe the search warrant was defective or that his Fourth Amendment rights were violated. It is a virtual certainty he had the same presentence report as everyone else,

but even if he did not, he has not shown how he was prejudiced, since his lawyer addressed the right one. Frost's claims are frivolous. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Frost's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 70, 73) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Frost files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-81-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Frost.

DATED this ⁴ day of August, 2010.

Richard F. Cebull
United States District Court

ORDER DENYING § 2255 MOTION AND
DENYING CERTIFICATE OF APPEALABILITY / PAGE 10